15-427-cr
*United States v. Kornegay*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
           BARRINGTON D. PARKER,
           GERARD E. LYNCH,
                      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                  *Appellee,*                    No. 15-427-cr

             v.

RAYMOND KORNEGAY,

                  *Defendant-Appellant.*

---

**FOR RAYMOND KORNEGAY:**          RANDALL D. UNGER, Bayside, NY.

**FOR UNITED STATES OF AMERICA:**  ANDREA M. GRISWOLD (Michael A. Levy *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Following a jury trial, defendant-appellant Raymond Kornegay ("Kornegay") was convicted of one count of conspiracy to commit Hobbs Act robbery and three substantive counts of committing Hobbs Act robbery, all in violation of 18 U.S.C. § 1951, in connection with his role in various robberies of AT&T and T-Mobile stores where Kornegay and others absconded with display-model cellular phones after cutting them from their mounts. Kornegay was sentenced principally to concurrent terms of 180 months' imprisonment on each count, to be followed by three years of supervised release. The District Court entered judgment against Kornegay on February 6, 2015. This appeal followed.

On appeal, Kornegay argues that (1) the evidence introduced at trial was insufficient as a matter of law to convict him of Hobbs Act robbery or conspiracy to commit Hobbs Act robbery; (2) the District Court erred when it permitted the government to introduce evidence of uncharged robberies in which he allegedly participated; and (3) his 180-month sentence was procedurally unreasonable because it was based on an erroneous finding by the District Court that he was a career offender under U.S.S.G. § 4B1.1(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, we reject Kornegay's arguments as meritless.

## I.        Sufficiency of the Evidence

Kornegay contends that the evidence introduced at trial was insufficient as a matter of law to convict him of conspiracy and substantive Hobbs Act robbery counts because, "while the evidence may have established that thefts of cell phones occurred at each of the stores in question, it did not establish beyond a reasonable doubt that those thefts were committed by the use of force or threatened use of force." Def.'s Br. 12. We disagree.

We review Kornegay's challenge to the sufficiency of the evidence supporting his convictions *de novo*, but he "bears a heavy burden," *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (internal quotation marks omitted), because we review the evidence on a sufficiency challenge "in the light most favorable to the government and draw[ ] all inferences in favor of the government," *United States v. Henry*, 325 F.3d 93, 103 (2d Cir. 2003). We will uphold a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Coplan*, 703 F.3d at 62 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The Hobbs Act defines "robbery" to mean "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of *actual or threatened force, or violence, or fear of injury*, immediate or future, to his person or property, or property in his custody or possession, or the person or property of . . . anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1) (emphasis added).[1] Although "Hobbs Act force does not require the brandishing of a weapon," when a weapon has not been brandished we evaluate whether the requisite force was used by considering "(1) how a reasonable person in the victim's position would perceive an action . . . ; (2) the perpetrators' knowledge that a victim would perceive such action to be part of a pattern of violence, intimidation, or threats; and (3) the perpetrators' intention to exploit their victim's fears." *United States v. Santos*, 449 F.3d 93, 100–01 (2d Cir. 2005) (internal quotation marks omitted). Moreover, we have observed that a defendant's "reputation alone could be sufficient [to prove fear of injury] . . . as long as the reputation is knowingly used to instill a 'fear of injury.'" *Id.* at 101 n.12 (internal quotation marks omitted).

At trial, the government introduced sufficient evidence to prove that Kornegay used actual or threatened force, violence, or fear of injury with respect to each of the substantive Hobbs Act robberies in Counts 2 through 4.

During the February 19, 2010, robbery of the T-Mobile store located at 595 Sixth Avenue (Count 2), according to the testimony of an assistant store manager who identified Kornegay at trial, one of the assailants "scream[ed] abruptly 'F' them. They are not doing anything. Take what you want." App. 187. The assistant store manager further testified that "one of [the store] representatives tried to lock the door and with force [the assailants] were able to actually push the door open." *Id.* The assailants also carried tools to cut the phones from their wiring. App. 187, 189. A salesperson similarly testified that one of the assailants "yelled out . . . I forgot one [phone] and nobody's going to do anything about it," and, as a result, the salesperson "backed off and everybody backed off." App. 189–90.

During the March 2, 2010, robbery of the AT&T store located at 350 Park Avenue (Count 4), according to the testimony of a sales representative, while certain employees attempted to "trap" one assailant "by the revolving door," the assistant manager was "going back and forth with the taller [assailant]" and then stated "that he had to let [the taller assailant] go because he had pulled a

---

[1] A person violates the Hobbs Act if he, *inter alia*, "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do." 18 U.S.C. § 1951(a).

knife on him,"[2] after which the employees "eased up on the other individual and let him come out of the store without too much of a hassle." App. 191–92.

Reviewing the foregoing evidence in the light most favorable to the government, and drawing all inferences in its favor, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Kornegay used actual or threatened force during the robberies in Counts 2 and 4.

With respect to the February 19, 2010, robbery of the T-Mobile store located at 869 Eighth Avenue (Count 3), the evidence showed that Kornegay had previously robbed the same store less than three months earlier, on December 8, 2009. App. 181–83. A sales representative present during both robberies, who identified Kornegay during trial, testified that one of the assailants during the 2009 robbery "had . . . a little altercation with the security guard and he had a knife in his hand," and "told the security guard . . . don't be a hero, old man" before the assailants left the store. *Id.* She further testified that the 2010 robbery was similar to the 2009 robbery except that the assailants during the 2010 robbery "cut the phones and the[n] left," that "no one tried to stop them," and that she did not interfere because "it was too much of a risk to [her]self." App. 182–83.

Reviewing the foregoing evidence in the light most favorable to the government, and drawing all inferences in its favor, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Kornegay exploited the residual fear of injury arising from the 2009 robbery to perpetrate the 2010 robbery in Count 3 without resistance. *See Santos*, 449 F.3d at 100–01 & n.12.

The government also introduced sufficient evidence to prove a plan to use actual or threatened force, violence, or fear of injury with respect to the Hobbs Act robbery conspiracy charged in Count 1. We have "acknowledged that jurors are permitted to infer, based on circumstantial evidence alone, that two or more of the defendants had a tacit understanding to use force or a threat of force." *Id.* at 103. A rational trier of fact could have inferred, in the circumstances presented here, that Kornegay and his coconspirators had at least a tacit understanding to use force or the threat of force as necessary during the robberies, especially in light of the evidence that the robberies charged as part of the conspiracy took place while the target stores were open for business, and that an assailant had used a knife to perpetrate at least one of them. *Cf. id.* (concluding, where defendants had planned to steal drugs by impersonating government agents, that "circumstantial evidence . . . , especially the presence of several knives, permit[ted] an inference that defendants had a tacit agreement to use Hobbs Act force").

---

[2] Kornegay did not object to this testimony as inadmissible hearsay in the District Court, and the Court did not err, much less clearly err or plainly err, *see United States v. Marcus*, 560 U.S. 258, 262 (2010), by admitting the testimony, which met the present-sense-impression exception to the rule against hearsay, *see* Fed. R. Evid. 803(1).

4

## II.      Evidence of Uncharged Robberies

Kornegay contends that the District Court abused its discretion by admitting evidence of seven "uncharged" cellphone store robberies in violation of Federal Rules of Evidence 404(b) and 403. We disagree.

Rule 404(b) does not apply to six of the seven robberies at issue here, which the government introduced as evidence of the Hobbs Act robbery conspiracy. *See* App. 30 (listing the six "uncharged" robberies). Indeed, Rule 404(b) "has no bearing on the admissibility of acts that are part of the charged crime." *United States v. Quinones*, 511 F.3d 289, 308 (2d Cir. 2007); *see also United States v. Concepcion*, 983 F.2d 369, 392 (2d Cir. 1992) ("An act that is alleged to have been done in furtherance of the alleged conspiracy . . . is not an 'other' act within the meaning of Rule 404(b); rather, it is part of the very act charged."). Evidence of the six robberies also did not run afoul of Rule 403. Accordingly, we conclude that the District Court did not abuse its discretion, let alone commit plain error,[3] by admitting evidence of the six robberies.

Although the uncharged, September 28, 2008, theft is "[e]vidence of a crime, wrong, or other act," Fed. R. Evid. 404(b)(1), the evidence was admissible because the government used it to prove identity, *see id.* 404(b)(2), not propensity. As the District Court explained, "[t]here are . . . very substantial similarities" between the 2008 robbery, for which Kornegay was apprehended while fleeing, and the nine robberies charged substantively or as part of the conspiracy. App. 84. For instance, the 2008 robbery, like the others, involved the theft of display model cellular telephones from a cell phone chain store; "was a multi-participant offense"; "involve[d] the use of the method of freeing or stealing, liberating the display model cellular telephones"; and involved a "store [that] was open [and not] . . . an after hours or before hours break in." App. 83–84. Evidence of Kornegay's 2008 robbery demonstrated *modus operandi* consistent with the charged robberies and therefore constituted admissible identity evidence.

The evidence also did not violate Rule 403. As the District Court explained regarding the probative value of the evidence, "the defense ha[d] made identity the central issue" in the case, and "the fact that Mr. Kornegay barely a year and a few months before the scheme here is doing what amounts [to] the same thing is very appropriate evidence of identity." App. 85. Additionally, the District Court mitigated the danger of unfair prejudice by instructing the jury that it "should not speculate as to the outcome or aftermath of the arrest that occurred" on September 28, 2008, and that "the existence of similar conduct is to be considered . . . only on the issue of identity" and not

---

[3] The parties dispute whether the standard of review governing the District Court's admission of evidence of the six robberies is abuse of discretion or plain error, which turns on whether Kornegay adequately objected to the evidence. We need not decide this question because we conclude that the District Court did not err under either standard.

"for any other purpose" including "as evidence that the defendant is of a bad character or has a propensity to commit crimes." App. 200. We conclude that the District Court did not err or abuse its discretion by admitting evidence of the September 28, 2008, robbery during trial.

## III.    Career Offender Sentencing Determination

Kornegay also argues that his sentence should be vacated because the District Court failed to articulate whether it was relying on the "residual clause" of U.S.S.G. § 4B1.2(a)(2) to classify his two previous robbery convictions as "crimes of violence" and thus conclude that he qualifies for enhanced sentencing as a "career offender." He argues that this clause is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down a similar residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). *See id.* Without reference to the "residual clause" of § 4B1.2(a)(2), however, Kornegay's prior convictions were categorically crimes of violence under U.S.S.G. § 4B1.2(a)(1). The convictions were for robbery in the second degree in violation of N.Y. Penal Law § 160.10, which prohibits "*forcibly* steal[ing] property" (emphasis added), and which therefore "has as an element the use, attempted use, or threatened use of physical force against the person of another." Moreover, robbery is specifically listed as a crime of violence in the applicable Guidelines Commentary. *See* U.S.S.G. § 4B1.2, Application Note 1. We therefore need not address Kornegay's attack on the residual clause of § 4B1.2(a)(2) in order to affirm his sentence.

## CONCLUSION

We have considered the defendant-appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the February 6, 2015, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk