[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10564
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60152-WJZ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANEURI MANZUETA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 14, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Aneuri Manzueta appeals his sentence of 262 months of imprisonment, following his plea of guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Manzueta challenges his classification as a career offender under the Sentencing Guidelines on the ground that his conviction in a New York court for attempted second-degree robbery does not qualify as a crime of violence. We affirm.

We review *de novo* the classification of a defendant as a career offender under the Guidelines. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). We also review *de novo* whether a prior conviction qualifies as a crime of violence. *United States v. Estrada*, 777 F.3d 1318, 1321 (11th Cir. 2015).

To qualify as a career offender, Manzueta must have two prior felony convictions for a crime of violence or a controlled substance offense. United States Sentencing Guidelines Manual § 4B1.1 (Nov. 2016). A crime of violence consists of any offense under federal or state law, punishable by imprisonment for more than one year, that has as an element the use, attempted use, or threatened use of physical force against another person or that is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm or explosive material. *Id.* § 4B1.2(a). A crime of violence includes the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. *Id.* § 4B1.2 cmt. n.1.

2

Under New York law, "[a] person is guilty of robbery in the second degree when he forcibly steals property." N.Y. Penal Law § 160.10. "Robbery is forcible stealing" and occurs "when, in the course of committing a larceny, a person uses or threatens the immediate use of physical force []on another person for the purpose of . . . [p]reventing or overcoming resistance to the taking of the property or to [its] retention" or for the purpose of "[c]ompelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny." *Id.* § 160.00.

The district court did not err in counting Manzueta's prior conviction for attempted second-degree robbery as a crime of violence. Second-degree robbery as defined in the New York Penal law qualifies as a crime of violence under the elements and enumerated clauses of Guidelines. The offense requires as an element that the defendant use or threaten the use of physical force against another person. *See* U.S.S.G. § 4B1.2(a)(1); *United States v. Lockley*, 632 F.3d 1238, 1243–45 (11th Cir. 2011). Robbery also is an enumerated offense. U.S.S.G. § 4B1.2(a)(2). And because the commentary to the guideline states that an attempt to commit a "crime of violence" is a "crime of violence," Manzueta's attempted robbery conviction qualifies categorically as a predicate for the career offender enhancement. *Id.* § 4B1.2 cmt. n.1; *Lockley*, 632 F.3d at 1245. Furthermore, the Second Circuit has held in at least two unpublished decisions that a conviction

3

under Section 160.10 constitutes a crime of violence. *See United States v. Kornegay*, 641 F. App'x 79, 85 (2d Cir. 2016); *United States v. Garcia*, 57 F. App'x 486, 492 (2d Cir. 2003).

We **AFFIRM** Manzueta's sentence.