UNITED STATES of America,
Appellee,

v.

Danilo HERNANDEZ, Defendant–
Appellant.

No. 00–1317.

United States Court of Appeals,
Second Circuit.

Argued Jan. 22, 2001.

Decided March 8, 2001.

B. Alan Seidler, Nyack, NY, for Appellant.

Richard C. Daddario, Assistant United States Attorney, Southern District of New York (Mary Jo White, United States Attorney, Baruch Weiss, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Before WALKER, Chief Judge, and PARKER and KATZMANN, Circuit Judges.

PER CURIAM:

### BACKGROUND

Danilo Hernandez appeals from a judgment of conviction entered on April 21, 2000, in the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*), following his plea of guilty to one court of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. On May 24, 1999, Hernandez pleaded guilty pursuant to a written plea agreement. The agreement stipulated a base offense level of 36 and a reduction of five total levels based on Hernandez's timely acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), and playing a minor role in the offense, *see* U.S.S.G. § 3B1.2(b)(2). Given his stipulated criminal history category, the plea agreement found that the expected Guidelines range was 108–135 months, but that the statutory mandatory minimum raised the lower end of the range from 108 to 120 months. The parties further agreed that the defendant could seek "safety valve" relief but that, absent certain circumstances, no downward or upward departures would be sought. Finally, the parties agreed that the defendant would not appeal any sentence within or below the stipulated Guidelines range of 120–135

months, and the government would not appeal any sentence within or above that range. The agreement was signed by the defendant, his then-attorney, and lawyers for the government.

Several months later but before sentencing, Hernandez moved to withdraw his guilty plea on the ground that he received ineffective assistance of counsel because his attorney misled him as to the consequences of his plea. More specifically, he stated that he did not speak English and had only five minutes to review the agreement through an interpreter before entering the courtroom. Further, Hernandez affirmed that his attorney told him he would only be sentenced to two years in prison and did not explain either that his guilty plea was binding or that he was waiving his appellate rights and the right to make downward departure motions. In an oral ruling, the district court denied Hernandez's motion, finding these factual assertions inconsistent with his statements under oath at the plea allocution. On April 20, 2000, the district court sentenced Hernandez to 87 months in prison, to be followed by a three-year term of supervised release. Hernandez now appeals on the ground that the district court erred in denying his motion to withdraw his guilty plea.

## DISCUSSION

■ We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Maher,* 108 F.3d 1513, 1529 (2d Cir.1997). Where a motion to withdraw a plea of guilty is made before sentencing, the court may grant the motion if "the defendant shows any fair and just reason." Fed. R.Crim.P. 32(e); *see also Maher,* 108 F.3d at 1529. The court must give due regard to any prejudice the government might suffer as a result. *See Maher,* 108 F.3d at 1529. To evaluate a claim that a guilty plea was involuntary or unknowing due to ineffective assistance of counsel, we use the familiar framework established in

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hill v. Lockhart,* 474 U.S. 52, 57–58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (applying *Strickland* to the context of guilty pleas). A defendant must first establish that "counsel's representation fell below an objective standard of reasonableness." *Id.* (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052). Second, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 104 S.Ct. 2052. "The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed *de novo.*" *Triana v. United States,* 205 F.3d 36, 40 (2d Cir.) (quoting *United States v. Blau,* 159 F.3d 68, 74 (2d Cir.1998)), *cert. denied,* —— U.S. ——, 121 S.Ct. 378, 148 L.Ed.2d 292 (2000); *see also United States v. Stantini,* 85 F.3d 9, 16 (2d Cir.) (same), *cert. denied,* 519 U.S. 1000, 117 S.Ct. 498, 136 L.Ed.2d 390 (1996).

■ We agree with the district court that the defendant has not shown deficient performance by his attorney. Hernandez describes his motion to withdraw his guilty plea as based on the assertion that he "was mislead [sic] about the consequences of his plea by his then attorney." But the district court was entitled to rely upon the defendant's sworn statements, made in open court with the assistance of a translator, that he understood the consequences of his plea, had discussed the plea with his attorney, knew that he could not withdraw the plea, understood that he was waiving his right to appeal a sentence below 120 months, and had been made no promises except those contained in the plea agreement. *See Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are

wholly incredible."); *see also United States v. DeJesus*, 219 F.3d 117, 121 (2d Cir.) (per curiam) (rejecting the defendant's assertion that he did not knowingly waive his right to appeal in his plea agreement because that contention was inconsistent with his statements during the plea colloquy), *cert. denied,* ── U.S. ──, 121 S.Ct. 502, 148 L.Ed.2d 472 (2000); *United States v. Torres*, 129 F.3d 710, 715 (2d Cir.1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea."). Having considered all of the defendant's contentions regarding his guilty plea, we are persuaded that the district court did not err in denying the motion to withdraw.

■■■ Although Hernandez has raised no substantial question about the voluntary and knowing nature of his guilty plea or his counsel's performance, we feel it necessary to pause to address the government's argument that the plea agreement forecloses the defendant's right to take this appeal. It is by now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable. *See, e.g., United States v. Garcia,* 166 F.3d 519, 521 (2d Cir.1999) (per curiam); *United States v. Yemitan,* 70 F.3d 746, 747 (2d Cir.1995). However, our precedents indicate that "specifically in the context of claimed waivers of appellate rights ... plea agreements are to be applied 'narrowly' and construed 'strictly against the Government.' " *United States v. Tang,* 214 F.3d 365, 368 (2d Cir.2000) (quoting *United States v. Ready,* 82 F.3d 551, 556, 559 (2d Cir.1996)); *accord United States v. Brown,* 232 F.3d 44, 48 (2d Cir.2000) (per curiam), *cert. denied,* ── U.S. ──, 121 S.Ct. 1245, ── L.Ed.2d ── (2001).

■■■ The relevant portion of the plea agreement between Hernandez and the government provides:

It is further agreed (i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, *any sentence* within or below the stipulated Guidelines range of 120–135 months and (ii) that the Government will not appeal any sentence within or above the stipulated Guidelines range or [sic] 120–135 months. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that *any appeal as to the defendant's sentence* that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

Plea Agreement at 4 (emphases added). By the plain terms of this agreement, the waiver applies only to an appeal or motion to vacate regarding the defendant's "sentence." In this case, the defendant is not appealing any aspect of his sentence; he is appealing the denial of his motion to withdraw his guilty plea, an issue related to the merits of the underlying conviction. Therefore, the plea agreement clearly does not bar this appeal. If the government wished to negotiate for a broader waiver, it was certainly entitled to do so. *Cf. DeRoo v. United States,* 223 F.3d 919, 922, 924 (8th Cir.2000) (addressing a plea agreement that provides that the defendant "waives any right to appeal the judgment and sentence under 18 U.S.C. § 3742(a), and that he waives all rights to contest the conviction or sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255"). But having contracted with the defendant for a narrower waiver provision, the government overreaches by attempting to enforce it so expansively.

■■■ Even if the plain language of the plea agreement barred this appeal, we would not enforce such a waiver of appellate rights in this case because the defendant is challenging the constitutionality of the process by which he waived those rights. We have suggested that a plea agreement containing a waiver of the right to appeal is not enforceable where the

defendant claims that the plea agreement was entered into without effective assistance of counsel. *See United States v. Djelevic,* 161 F.3d 104, 107 (2d Cir.1998) (per curiam) (citing *United States v. Henderson,* 72 F.3d 463, 465 (5th Cir. 1995)); *United States v. Rosa,* 123 F.3d 94, 98 (2d Cir.1997) (citing *Henderson*); *Ready,* 82 F.3d at 555 (citing *Henderson*). The rationale is that "the very product of the alleged ineffectiveness" cannot fairly be used to bar a claim of ineffective assistance of counsel. *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir.1999) (holding that a waiver of the right to appeal or file a § 2255 motion is unenforceable when the defendant claims ineffective assistance of counsel with regard to the agreement which effected the waiver).

Of course, the refusal to apply such a waiver provision in these circumstances only allows appellate review of the constitutionality of the process by which the plea agreement was consummated. If the constitutionality of that process passes muster, the plea agreement's waiver would bar any consideration by the appellate court of issues that fall within the scope of that waiver. For instance, had Hernandez raised any issues about his sentence, we would have refused to consider them.

## *CONCLUSION*

Although the defendant was fully entitled to take this appeal, he fails on the merits because his factual assertions regarding his counsel's alleged ineffectiveness simply contradict his sworn statements at the plea allocution. Therefore, for the reasons set forth above, the judgment of the district court is affirmed.