654

**David C. GIZEWSKI, Petitioner–
Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**Docket No. 01–2421.**

United States Court of Appeals,
Second Circuit.

Feb. 26, 2002.

Randolph Z. Volkell, North Bellmore, NY, for Petitioner–Appellant.

Katya Jestin, Assistant United States Attorney, Eastern District of New York; Susan Corkery and Ioana Petrou, Assistant United States Attorneys for the Easter District of New York, on the brief, for Alan Vinegard, United States Attorney for the Eastern District of New York, for Respondent–Appellee.

Present JAMES L. OAKES, ELLSWORTH VAN GRAAFEILAND, and ROBERT A. KATZMANN, Circuit Judges.

Summary Order

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*), it is hereby

ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Petitioner David Gizewski appeals from an order entered in the United States District Court for the Eastern District of New York (Weinstein, *J.*), denying his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2255.

Gizewski was born in England in 1956 and came to the United States with his parents in 1960. He never became a United States citizen. Gizewski was convicted of armed robbery in 1985 in New York state court and was paroled in 1991. The Immigration and Naturalization Service ("INS") commenced deportation proceedings against him in July of 1991. The deportation hearing, originally set for July 25, 1991, was continued to December 5, 1991 at Gizewski's request so that he could petition for naturalization. At the December 5, 1991 deportation hearing, Gizewski requested another continuance, which was again granted by the immigration judge. The immigration judge informed Gizewski that he had to return to court on March 12, 1992. Nevertheless, Gizewski did not appear for his March 12, 1992 hearing. The immigration judge granted Gizewski's counsel a one-week adjournment to locate his client, but advised him that she would proceed "in absentia" if Gizewski did not appear the following week. Gizewski failed to appear again on March 19, 1992, and his attorney informed the court that Gizewski's whereabouts were unknown. The court held the deportation hearing despite Gizewski's absence. The immigration judge found Gizewski deportable, that he had not established eligibility for any form of relief from deportation, and ordered that Gizewski be deported to the United Kingdom. Gizewski appealed this decision to the Board of Immigration Appeals, which denied all relief and dismissed the appeal. Gizewski was deported to England in 1995. In 1998, Gizewski was convicted of illegal reentry in violation of 8 U.S.C. § 1326 and was re-deported to England in June of 1998. In April 2000, Gizewski was once again charged with illegal reentry. He pled guilty and received a 57-month sentence. As part of the plea agreement, Gizewski waived his right to appeal his conviction or sentence.

■ Gizewski filed a petition for habeas corpus relief, arguing that he was denied effective assistance of counsel because his attorney failed to challenge the underlying deportation proceedings as a defense to his illegal reentry conviction and failed to inform him of this potential challenge when he entered the plea agreement.[1] In order to attack his deportation collaterally, Gizewski must demonstrate that the alleged defects in the deportation proceedings effectively deprived him of his right to obtain judicial review of the immigration judge's decision. *Mendoza–Lopez*, 481 U.S. at 839, 107 S.Ct. 2148; *United States v. Paredes–Batista*, 140 F.3d 367, 376 (2d Cir.1998). Gizewski claims that he was denied due process in connection with his

---

1. A conviction for illegal reentry in violation of 8 U.S.C. § 1326 is contingent on the government proving that the person is a "removed alien." In *United States v. Mendoza–Lopez*, 481 U.S. 828, 839, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987), the Supreme Court held that "a collateral challenge to the use of a deportation proceeding as an element of a criminal offense must be permitted where the deportation proceeding effectively eliminates the right of the alien to obtain judicial review...."

1992 deportation because he never received notice of the March 12, 1992 hearing, he was enrolled in an in-patient drug program at the time, and the immigration judge held the hearing in his absence. According to Gizewski, had he had the opportunity to appear for his deportation hearing, he would have obtained a waiver of deportation under section 212(c) of the Immigration and Nationality Act.[2] The district court denied Gizewski's petition for habeas relief, but issued a certificate of appealability allowing Gizewski to appeal "his sentence on the issue of ineffective assistance of counsel."[3] We review the district court's denial of a writ of habeas corpus *de novo*. *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir.2001).

Gizewski may not challenge his sentence on the ground of ineffective assistance of counsel because he waived his right to appeal his conviction or sentence when he pled guilty to the illegal reentry charge. *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir.1998) (per curiam) (rejecting a defendant's contention that his waiver should not bar consideration of his appeal because counsel was ineffective at sentencing). However, if Gizewski can prove that he received ineffective assistance of counsel in entering the plea agreement, that

"might cast some doubt on the validity of his waiver." *Id.; see also United States v. Hernandez*, 242 F.3d 110, 113–14 (2d Cir. 2001) (per curiam) ("We have suggested that a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel.").

■ Thus, we consider whether Gizewski's counsel was ineffective in failing to challenge the underlying deportation and allowing petitioner to plead guilty. To establish a claim of ineffective assistance of counsel, the petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) but for the deficiency, there is a reasonable probability that the outcome of the proceeding would have been different. *United States v. De La Pava*, 268 F.3d 157, 163 (2d Cir.2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Because Gizewski was not deprived of due process during his deportation proceedings, we find that his ineffective assistance of counsel claim lacks merit. *See id.* at 166 (rejecting claim of ineffective assistance of counsel as a challenge to illegal reentry prosecution because government's violation of Article 36 of the Vienna Con-

---

**2.** Congress repealed § 212(c) when it passed the Illegal Immigration Reform and Immigration Responsibility Act of 1996 (IIRIRA), 110 Stat. 3009–546, and replaced it with a new section that bars anyone convicted of an aggravated felony from obtaining discretionary relief. 8 U.S.C. § 1229b(a)(3). The government concedes, based on *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), that Gizewski is not precluded from seeking discretionary relief. However, we do not reach the issue of whether Gizewski might have been granted discretionary relief because we find no fundamental procedural error related to his deportation hearing. *See United States v. Fernandez–Antonia*, 278 F.3d 150 (2d Cir.2002) (holding that to succeed in collaterally attacking his deportation order,

defendant must show both a fundamental procedural error and prejudice resulting from that error).

**3.** The only claims an appellate court may address on appeal are those included in the certificate of appealability. 28 U.S.C. § 2253(c)(3); *Valverde v. Stinson*, 224 F.3d 129, 136 (2d Cir.2000). Based on the district court's statements regarding the certificate of appealability during the February 8, 2001 telephonic hearing on Gizewski's petition for habeas relief, we interpret the district court's order, signed February 15, 2001, to include the issue of whether Gizewski was denied effective assistance of counsel when he entered the plea agreement.

vention was not a ground for dismissal of an indictment and thus, counsel's failure to attack indictment on this ground was not ineffective assistance).

Contrary to Gizewski's allegations, the record establishes that he did in fact receive notice of the March 12, 1992 deportation hearing. The immigration judge asked Gizewski at the December 5, 1991 hearing if he understood that he had to be back on March 12, 1992, and Gizewski responded: "Yes, ma'am." Moreover, when Gizewski failed to appear on March 12, 1992, the immigration judge granted Gizewski's attorney a one-week adjournment in order to locate the petitioner and advised Gizewski's attorney that the hearing would proceed *in absentia* if Gizewski failed to appear on March 19, 1992. Where an individual subject to deportation proceedings is notified of a hearing, yet fails to appear in court, the hearing may proceed in his absence. *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038–39, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). Gizewski's argument that he was deprived of due process is further undercut by the fact that he was zealously represented by counsel throughout the deportation proceedings. Gizewski's counsel appealed the decision of the immigration judge to the Board of Immigration Appeals ("BIA"), which denied all relief and dismissed the appeal. Gizewski has not shown that any alleged procedural defects deprived him from obtaining judicial review of the BIA's decision, including the determination that he abandoned his application for section 212(c) relief from deportation by failing to appear at his deportation hearing. *See Paredes–Batista*, 140 F.3d at 378–79.

Because Gizewski does not have a viable due process challenge to his deportation proceedings, his attorney's performance, in failing to attack the deportation proceedings and allegedly failing to advise Gizewski of this potential challenge prior to pleading guilty to the illegal reentry indictment, did not constitute ineffective assistance of counsel. Her performance did not fall below an objective standard of reasonableness and Gizewski could not have been prejudiced by her failure to attack the deportation proceedings, given that his due process rights were not violated. *See De La Pava*, 268 F.3d at 166. As Gizewski's ineffective assistance of counsel claim fails, his waiver of his right to appeal his conviction or sentence is enforceable and he may not challenge his conviction or sentence.

We have reviewed all of the appellant's other arguments. We affirm the judgment of the district court.