**UNITED STATES of America,
Appellee,**

v.

**Ronald MILEY, Defendant–Appellant.**

**No. 04–2023.**

United States Court of Appeals,
Second Circuit.

Jan. 4, 2005.

Howard C. Eckenrode, Meuser, Eckenrode & Hayes, Milford, CT, for Defendant–Appellant.

Robert M. Spector, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut and William J. Nardini, Assistant United States Attorney, on the brief), New Haven, CT, for Appellee.

Present: NEWMAN, POOLER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant Ronald Miley appeals from the District Court's judgment, filed March 26, 2004, and entered April 1, 2004, convicting him, pursuant to a plea agreement, of unlawful possession of ammunition by a convicted felon under 18 U.S.C. §§ 922(g)(1) & 924(a)(2), and sentencing him to 41 months imprisonment to run concurrent with the remainder of his state sentence, without credit for time already served. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal. With the consent of both parties, we construe the instant appeal as encompassing, in addition to the judgment, the District Court's decision dated September 13, 2004, denying defendant's motion to vacate his sentence and for leave to withdraw his guilty plea.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. We may reverse if the District Court relied on a mistake of law or a clearly erroneous finding of fact. *See United States v. Couto*, 311 F.3d 179, 185 (2d Cir.2002). Whether the plea was entered with effective assistance of counsel is a question that we may take up, if at all, *de novo*. *See United States v. Finley*, 245 F.3d 199 (2d Cir.2001). If the record is sufficient, we may decide this claim on the record; otherwise we may remand for fact finding or dismiss to allow appellant to

raise it in a habeas petition. *See United States v. Leone,* 215 F.3d 253, 256 (2d Cir.2000). As ineffectiveness of defense counsel is the only substantive claim on appeal, and as both parties seek a decision on this claim, we elect to reach the merits of appellant's ineffectiveness argument.

The record of proceedings in the District Court conclusively rebut any assertion that the Court breached a representation to appellant. A guilty plea may be involuntary, and thus invalid, if entered into without the effective assistance of counsel as determined by the *Strickland* test of objectively deficient performance plus prejudice. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Hernandez,* 242 F.3d 110, 112 (2d Cir.2001).

While defense counsel's affirmative misrepresentation of the consequences of a guilty plea may constitute ineffective assistance of counsel rendering the plea invalid, *see Couto,* 311 F.3d at 179, here the District Court engaged defendant in a thorough colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, during which defendant acknowledged repeatedly under oath that no promises or conditions on his plea would be recognized that did not appear in the written plea agreement. The prejudice from any misrepresentation by defense counsel was thereby dispelled by the time defendant pleaded guilty. *See Hernandez,* 242 F.3d at 112. We note that defense counsel represented at sentencing that defendant's primary motivation to plead guilty was the possibility of having his federal sentence run concurrent with the remainder of his state sentence, and made no mention of any expectation that defendant would receive credit for time already served on his state sentence.

In light of these facts, defendant has not met his burden of demonstrating a "rea-sonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 112.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.