Bruce ROSENBERGER, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 03–2178–PR.

United States Court of Appeals,
Second Circuit.

June 8, 2005.

Sally Wasserman, New York, NY, for Petitioner–Appellant.

Stanley J. Okula, Jr., Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, on the brief; Peter G. Neiman, Assistant United States Attorney), New York, NY, for Respondent–Appellee, of counsel.

Present: McLAUGHLIN, STRAUB, and HALL, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

Petitioner–Appellant Bruce Rosenberger ("Rosenberger") appeals from an order entered on February 4, 2003 in the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge*) denying Rosenberger's *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2255. On August 22, 2003, this Court granted a certificate of appealability on the issue of ineffectiveness of counsel and appointed counsel to brief the issue of:

whether the appellant was denied effective assistance of his counsel during the plea allocution and sentencing, including, but not limited to, the following issues:

(1) whether counsel's failure to challenge the inclusion of an eighteen year old offense in calculating appellant's criminal history category amounted to ineffective assistance; and (2) whether counsel properly advised the appellant of the effect of his plea.

This Court dismissed the petition as to the other grounds for relief. In Rosenberger's brief, counsel argues seven bases for Rosenberger's claim of ineffective assistance: counsel's (1) failure to ensure that Rosenberger understood the consequences of his guilty plea; (2) failure to file a timely notice of appeal; (3) failure to inform Rosenberger that state as well as federal tax shortfalls would be considered in arriving at the base offense level; (4) failure to request a hearing on the obstruction of justice enhancement; (5) coercing Rosenberger to plead guilty to the perjury count; (6) failure to adequately present Rosenberger's health condition as a means for a downward departure; and (7) failure to argue for a downward departure on the basis of the remoteness of Rosenberger's 1984 state conviction.

In order to establish ineffectiveness of counsel in violation of the United States Constitution, "[f]irst, the defendant must show that counsel's performance was deficient." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To determine whether an attorney's performance is deficient, "[t]he court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052. The court must be "highly deferential," in making this determination, and must "consider[ ] all the circumstances," must make "every effort ... to eliminate the distorting effects of hindsight," and must operate with a "strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. A defendant claiming ineffective assistance must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. A "reasonable probability" in this context is one that "undermine[s] confidence in the outcome." *Id.*

We have considered all of Rosenberger's arguments and find them to be without merit. First, Rosenberger's plea allocution, when viewed as a whole, reflects his understanding of the consequences of his guilty plea. *See, e.g., United States v. Hernandez,* 242 F.3d 110, 112–13 (2d Cir. 2001) (per curiam) (stating that a defendant's sworn statements at plea allocution carry a strong presumption of verity which cannot be overcome by conclusory allegations at later date); *United States v. Juncal,* 245 F.3d 166, 171 (2d Cir.2001) (noting that testimony at a plea allocution "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made"). At the plea allocution, Rosenberger indicated that he understood the import of the *Pimentel* letter, the maximum penalties that applied to the various counts, the civil rights he would be waiving by pleading guilty, that notice might be given to the victims of his offense, that and how the United States Sentencing Guidelines were to be applied to his case, that he had a right to a jury trial at which he could confront and cross-examine the government witnesses, put on witnesses, and testify, and that he was waiving that right, the elements of the offenses, and the government's proof. Rosenberger also con-firmed that he had "sufficient opportunity to consult with [his] attorney about [his] case and especially about [his] decision to plead guilty." Furthermore, even assuming, as Rosenberger claims, that counsel had failed to advise Rosenberger that state tax losses would be considered by the District Court in arriving at the loss amount under the Guidelines, Rosenberger has not shown that had he been so advised, he would not have pleaded guilty. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. As to the perjury count, Rosenberger has set forth no evidence, other than his self-serving, conclusory allegations, that he was coerced into pleading guilty. Moreover, the plea allocution indicates that Rosenberger's guilty plea on the perjury count was knowing and voluntary. *See Hernandez,* 242 F.3d at 112–13; *United States v. Torres,* 129 F.3d 710, 715 (2d Cir.1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea.").

We also conclude that counsel was not ineffective in failing to pursue a hearing pursuant to *United States v. Fatico,* 579 F.2d 707 (2d Cir.1978), on the obstruction of justice enhancement. Counsel decided not to pursue a *Fatico* hearing in the face of the strong evidence supporting the obstruction of justice enhancement, the District Court's indication that it believed the enhancement was supported, and counsel's concern about the viability of Rosenberger's acceptance of responsibility adjustment. This strategic decision falls within the range of reasonable professional assistance. *See, e.g., United States v. Lee,* 818 F.2d 1052, 1056 (2d Cir.1987).

As to Rosenberger's claim concerning a downward departure on the basis of his health, although the record does not reveal that counsel made a written downward departure motion on the health

issues, the record makes clear that counsel provided the court with much information relating to Rosenberger's health and emphasized Rosenberger's health concerns at Rosenberger's sentencing. The record also reveals that the District Court considered whether to depart on the basis of Rosenberger's health conditions and took Rosenberger's health conditions into account in arriving at where within the Guidelines range to sentence Rosenberger. We also decline to find that counsel was ineffective in failing to move for a downward departure on the basis of the remoteness of the 1984 conviction included in Rosenberger's Criminal History Category, especially in light of the seriousness of the prior offense and its similarity to the present offense. *See United States v. Carrasco,* 313 F.3d 750, 757–58 (2d Cir.2002); *United States v. Altman,* 48 F.3d 96, 104 (2d Cir.1995); *United States v. Javino,* 960 F.2d 1137, 1146 (2d Cir.), *cert. denied,* 506 U.S. 979, 113 S.Ct. 477, 121 L.Ed.2d 383 (1992).

Finally, we conclude that Rosenberger waived his argument that counsel was ineffective for failure to file a notice of appeal, as Rosenberger did not raise this argument in his habeas petition before the District Court. *See United States v. Triestman,* 178 F.3d 624, 633–34 (2d Cir. 1999); *Strouse v. Leonardo,* 928 F.2d 548, 552 (2d Cir.1991).

For the foregoing reasons, the judgment of the District Court is hereby **AF-FIRMED.**