**UNITED STATES of America,**
**Appellee,**

v.

**Pedro GONZALEZ, Defendant–Appellant.**

No. 07–0584–cr.

United States Court of Appeals,
Second Circuit.

Nov. 12, 2008.

Paul D. Silver, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney, Northern District of New York (Richard S. Hartunian, Assistant United States Attorney, on the brief), Albany, N.Y., for Appellee.

Molly Corbett, Federal Public Defender (Alexander Bunin, on the brief), Albany, N.Y., for Appellant.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Appellant Pedro Gonzalez ("Gonzalez") appeals from a judgment of conviction in the United States District Court for the Northern District of New York (McAvoy, *J.*) entered following his plea of guilty to narcotics offenses and bribery. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

We review the District Court's denial of Gonzalez's motion to withdraw his guilty plea for abuse of discretion. *See United States v. Maher,* 108 F.3d 1513, 1529 (2d Cir.1997). Withdrawal of a guilty plea is permitted if the defendant "can show a fair and just reason for requesting the withdrawal," *United States v. Adams,* 448 F.3d 492, 498 (2d Cir.2006) (quoting Fed. R.Crim.P. 11(d)(2)(B)) (internal quotation marks omitted), and the defendant carries the "burden of demonstrating valid grounds for withdrawal," *id.* When gauging whether the defendant has met this burden, it is appropriate to consider, *inter alia,*

> (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); ... (3) whether the government would be prejudiced by a withdrawal of the plea ... [and (4) ] whether the defendant has raised a significant question about the voluntariness of the original plea.

*United States v. Schmidt,* 373 F.3d 100, 102–03 (2d Cir.2004) (internal quotation marks and alterations omitted). The district court may "rely upon the defendant's sworn statements, made in open court with the assistance of a translator, that he understood the consequences of his plea," in deciding whether to grant the defendant's

motion to withdraw his guilty plea. *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir.2001).

To the extent that Gonzalez's plea withdrawal argument stands apart from his ineffective assistance of counsel claim, we hold that on the basis of the record at the time the District Court ruled, the District Court did not abuse its discretion in denying Gonzalez's motion to withdraw his guilty plea. Gonzalez waited ten months after pleading guilty before seeking to withdraw the plea. This fact diminishes the propriety of allowing withdrawal. In addition, he failed to offer any corroboration for his allegations that the threats of federal agents induced him to plead guilty or that he had committed the crimes to which he pled guilty under duress. Moreover, the allegations contained in Gonzalez's motion contradicted his sworn statements at his plea colloquy, and his motion closely followed the revelation that the government would not be providing him with a 5K1.1 letter.

With respect to the ineffective assistance of counsel claim Gonzalez raises on appeal, we may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent 28 U.S.C. § 2255 motion; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *United States v. Doe*, 365 F.3d 150, 152 (2d Cir.2004) (internal quotation marks and alterations omitted). A defendant alleging ineffective assistance of counsel must "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms, ... and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir.2005) (internal quotation marks and citations omitted). We hold

that the insufficiently developed record before us precludes our deciding Gonzalez's ineffective assistance of counsel claim. As a result, we also construe Gonzalez's appeal as a motion to file a successive § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (noting the benefits of deciding ineffective assistance claims through § 2255 proceedings instead of on direct appeal); *U.S. v. Oladimeji*, 463 F.3d 152, 154 (2d Cir.2006) (same). In view of the existence of facts, not previously available, that might relate to the performance of counsel (including those that might bear on counsel's effectiveness at the time of Gonzalez's guilty plea), we hereby grant that motion. *See* 28 U.S.C. §§ 2255(h)(1), 2244(b)(3)(A).

The judgment of the District Court is AFFIRMED.