09-2579-cr
USA v. Deacon

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand eleven.

Present:    ROBERT A. KATZMANN,
            REENA RAGGI,
                        *Circuit Judges.*[*]

--------------------------------------------------------------------

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v. -                          No. 09-2579-cr

JOSEPH DEACON, also known as Valentino,

                    *Defendant-Appellant.*

--------------------------------------------------------------------

For Defendant-Appellant:            ROBERT J. BOYLE, Law Office of Robert J.
                                    Boyle, Esq., New York, NY

For Appellee:                       ANTONIA M. APPS, Assistant United States
                                    Attorney (Daniel A. Braun, Assistant United
                                    States Attorney, *on the brief*), *for* Preet Bharara,
                                    United States Attorney for the Southern District
                                    of New York, New York, NY

---

[*] Judge Raymond J. Lohier, Jr., originally a member of the panel, recused himself from consideration of this matter and did not participate in this decision. This appeal is being decided by the remaining members of the panel, who are in agreement. *See* 2d Cir. R. 0.14.

Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Joseph Deacon appeals from a judgment of conviction following a guilty plea, entered on June 8, 2009, in the United States District Court for the Southern District of New York (Patterson, *J.*), to one count of conspiracy to deal in firearms without a license, in violation of 18 U.S.C. § 371; one count of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A); one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and one count of distributing more than 50 grams of crack cocaine and more than 50 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Deacon's plea was accepted on April 29, 2008, and Deacon then moved to withdraw the plea on September 5, 2008. The district court denied Deacon's motion, and Deacon moved *pro se* for reconsideration on March 19, 2009, which the district court denied, *inter alia*, as untimely. On appeal, Deacon argues that the district court abused its discretion in denying his initial and renewed motions to withdraw the guilty plea, and that his sentence should be vacated and the case remanded for resentencing based on the doctrines of sentencing manipulation and sentencing entrapment. We assume the parties' familiarity with the remaining facts and the procedural history of the case, which we reference as necessary to explain our decision.

We turn first to Deacon's motion to withdraw his guilty plea. "A defendant may withdraw a plea of guilty . . . after the court accepts the plea but before sentence, if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P.

2

11(d)(2)(B). We review a district court's denial of motion to withdraw a guilty plea for abuse of discretion. *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (per curiam).

There is no absolute right to withdraw a guilty plea. *See United States v. Karro*, 257 F.3d 112, 117 (2d Cir. 2001). "[A] defendant who seeks to withdraw his plea bears the burden of satisfying the trial judge that there are valid grounds for withdrawal." *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008) (quoting *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992)) (internal quotation mark omitted). "Society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997) (alteration and internal quotation marks omitted).

"Where a motion to withdraw a plea is premised on involuntariness, the 'defendant must raise a significant question about the voluntariness of the original plea.'" *Doe*, 537 F.3d at 211 (quoting *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997)). "Where the motion argues that the plea was not voluntary, *a fortiori* the court must focus on voluntariness." *Id.* (internal quotation marks omitted).

On appeal, Deacon claims, as he argued below, that his plea "was not a knowing and intelligent one," based on his disagreements with [his appointed counsel] and because of "his confusion and discussions with his attorney as well as legal consultant (Mr. Stein) centered around Count 4." J.A. 64-65. He also argues that at the time of the plea he was severely compromised by the news that his father had suffered a stroke. Based on our independent review of the record, we agree with the district court's conclusion that there is nothing that "indicates . . . that this plea was [anything] other than a knowing and voluntary plea." J.A. 82.

3

Deacon appeared on the morning of April 29, 2008, accompanied by his court-appointed counsel, to waive indictment and enter a guilty plea pursuant to a plea agreement prepared by the government. The district court adjourned the proceeding at the request of Deacon, who had questions about the plea agreement. When the parties reconvened later that afternoon, Deacon still had reservations about the agreement but indicated his intent to enter a guilty plea. After he spent additional time with his counsel, he executed a waiver of indictment but requested new counsel to address his ongoing reservations regarding the plea agreement, and in particular, the legal effect of a prison sentence he had recently served on the calculation of his sentence in this case. Rather than relieve Deacon's appointed counsel, the district court permitted Deacon to consult with the Criminal Justice Act ("CJA") attorney on duty that day. After Deacon consulted with the CJA attorney, the parties again appeared before the district court that same day, and the CJA attorney advised the court that Deacon was prepared to enter a plea pursuant to a *Pimentel* letter, rather than the plea agreement. Following the district court's inquiries pursuant to Rule 11, Deacon pleaded guilty. Nothing in the record suggests that Deacon's reservation about entering the plea was not resolved during his consultation with the CJA attorney. Accordingly, based on our review of the record, we find no abuse of discretion in the district court's denial of the motion to withdraw the guilty plea.

In his motion for reconsideration submitted five months later, Deacon raised for the first time the argument that his appointed attorney's representation was ineffective because she had failed to advise him properly on a defense of entrapment. The district court deemed the motion for reconsideration to be untimely. Deacon has also provided no evidence to suggest that his appointed attorney failed to advise him properly about an entrapment defense, which he could have raised on the first motion, and Deacon and his defense counsel declined to request an

4

evidentiary hearing on the matter. Moreover, the district court indicated that the claim of entrapment was relevant only to sentencing and did not provide a basis for withdrawing the guilty plea, because the evidence clearly demonstrated that Deacon had distributed and possessed with intent to distribute heroin, in violation of 21 U.S.C. § 841(a). Accordingly, for the foregoing reasons, we find no abuse of discretion in the district court's denial of Deacon's renewed motion.

We turn next to Deacon's sentencing manipulation/entrapment argument. On appeal, Deacon argues that a government agent deliberately told an informant to convince Deacon to sell 60 grams of crack cocaine in order to reach the ten-year mandatory minimum term of imprisonment and that the agent's instructions are sufficient evidence of "outrageous" behavior by the Government to constitute sentencing manipulation or entrapment. He argues that the case should be remanded so that the district court can consider whether to impose a sentence below the statutory minimum. The Government contends, and we agree, that Deacon failed to preserve this error, and therefore we review for plain error.[2] "For plain error, we must find (1) error, (2) that is plain, and (3) that affects substantial rights; if these three conditions are met, we have discretion to notice the forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dorvee*, 616 F.3d 174, 180 n.2 (2d Cir. 2010).

---

[2] Deacon argues that the district court interpreted his written submission regarding the withdrawal of his guilty plea to put forth the argument that he should not be subject to the statutory mandatory minimum. Even if we were to consider Deacon's argument under a more permissive standard, as our discussion indicates, his argument for sentencing manipulation or sentencing entrapment would fail.

This Court has not yet recognized the doctrines of sentencing manipulation or sentencing entrapment. *See United States v. Gagliardi*, 506 F.3d 140, 148 (2d Cir. 2007); *United States v. Caban*, 173 F.3d 89, 93 n.1 (2d Cir. 1999); *United States v. Oliveras*, 359 F. App'x 257, 261 & n.5 (2d Cir. 2010) (noting that other Circuits have suggested that "a [sentencing] departure based on manipulation or entrapment might lie where the government engages in 'outrageous' conduct"). Sentencing manipulation occurs "when the government engages in improper conduct that has the effect of increasing the defendant's sentence." *United States v. Gomez*, 103 F.3d 249, 256 (2d Cir. 1997) (internal quotation marks omitted). Sentencing entrapment is a related concept that "normally 'requires that a defendant convince the fact-finder that government agents induced her to commit an offense that she was not otherwise predisposed to commit.'" *Caban*, 173 F.3d at 93 n.1; *see also Oliveras*, 359 F. App'x at 261 & n.5 (describing sentencing entrapment as a subset of sentencing manipulation). Here, Deacon argues that he was neither predisposed to sell crack cocaine nor to sell the quantity requested by the government agent, and thus his argument appears to encompass both sentencing manipulation and sentencing entrapment.

The Second Circuit has suggested that for a claim of sentencing manipulation to be "valid, 'it would likely require a showing of "outrageous" government conduct.'" *Gagliardi*, 506 F.3d at 148 (quoting *United States v. Bala*, 236 F.3d 87, 93 (2d Cir. 2000)). Here, Deacon argues that where a government agent's "exploitative manipulation . . . overbears a defendant's will," that conduct is sufficiently outrageous to justify vacating the sentence and remanding so that the district court may be permitted to impose a sentence below the mandatory minimum. Def.'s Br. 30-32.

Under a plain error analysis, Deacon's claim fails as these doctrines remain unsettled in this Circuit. *See United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) ("For an error to be plain, it must, at a minimum, be clear under current law. We typically will not find such error . . . where there is no binding precedent from the Supreme Court or this Court." (citations and internal quotation marks omitted)). Nevertheless, even if Deacon had properly preserved this claim, we do not believe that the agent's behavior rises to the level of "outrageous" government conduct that would warrant vacatur. The district court found that the agent's conduct, while troubling, was not "outrageous" and did not overbear Deacon's will, and Deacon has provided no competent evidence to the contrary. Deacon was asked by an undercover informant to sell a certain quantity of crack cocaine, and while he initially resisted, he agreed moments later, and the next day sold 60 grams of crack cocaine to the informant. This does not constitute overbearing of one's will for a claim of sentencing manipulation or sentencing entrapment. *See Gomez*, 103 F.3d at 256 ("The validity of the concept of sentencing entrapment has not been determined in this Circuit, but . . . even where it has been approved in theory, its potential application has been limited to outrageous official conduct which overcomes the [defendant's] will." (alteration and internal quotation marks omitted)). Moreover, even if this Court were to recognize one or both doctrines and conclude that the agent's actions constituted "outrageous" government conduct, Deacon provides no authority that would justify the district court's imposition of a sentence below the statutory minimum in such circumstances. *See Oliveras*, 359 F. App'x at 258 ("[D]istrict courts generally lack the authority to impose a sentence below the statutory minimum." (citing *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)).

7

We have considered Deacon's remaining arguments and find them to be without merit.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK