14-4389-cr
United States v. Cleveland

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of March, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                    *Circuit Judges*.
             RICHARD K. EATON,[*]
                    *Judge*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                    14-4389-cr

RONALD CLEVELAND, AKA PRETTY TONY,
AKA P. T., AKA SUCCESS, AKA CESS,

                    *Defendant-Appellee*.

_____

Appearing for Appellants:     Sally Wasserman, New York, NY.

Appearing for Appellees:      Stephan J. Baczynski, Assistant United States Attorney, *for*
                              William J. Hochul, Jr., United States Attorney for the Western
                              District of New York, Buffalo, NY.

---

[*] The Honorable Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Western District of New York (Geraci, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal hereby is **DISMISSED**.

Ronald Cleveland appeals from the November 14, 2014 judgment entered in the United States District Court for the Western District of New York (Geraci, *J.*). The district court sentenced Cleveland principally to 125 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Cleveland pleaded guilty pursuant to a plea agreement that contained the following appeal waiver:

> The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

App'x at 52. The district court's 125-month sentence "falls within . . . the sentencing range for imprisonment" set forth in the plea agreement. The government argues that we should enforce this agreement and dismiss this appeal.

"It is . . . well established that a knowing and voluntary waiver of the right to appeal is generally enforceable." *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001). However, "[e]ven if the plain language of the plea agreement bar[s] [an] appeal, we [will] not enforce such a waiver of appellate rights . . . [where] the defendant is challenging the constitutionality of the process by which he waived those rights." *Id.*

Cleveland contends that he received constitutionally ineffective assistance of counsel in making his plea agreement, including the appeal-waiver provision. "Ineffective assistance with respect to an appeal waiver, if proven, would cast doubt on enforceability of the appeal-waiver provision." *United States v. Oladimeji*, 463 F.3d 152, 155 (2d Cir. 2006).

Typically, "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, [such as] the plea agreement," including an ineffective assistance claim. *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002). However, "[w]here the record on appeal does not include the facts necessary to adjudicate a claim of ineffective assistance of counsel, our usual practice is not to consider the claim on the direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255." *Id.* at 154. "[C]ollateral review typically provides a far better opportunity for an evaluation of an ineffective-assistance claim than direct review, because a factual record focused on the defendant's claim can be developed in the

district court, including by 'tak[ing] testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance.'" *Id.* (second alteration in original) (quoting *Massaro v. United States*, 538 U.S. 500, 504-05 (2003)).

Our preference for not considering claims of ineffective assistance of counsel on direct appeal applies equally to the circumstance where, as here, the defendant claims that his counsel's ineffective assistance rendered his appeal waiver unenforceable. *See id.* at 154-55. If "the record does not permit assessment of the claim of ineffective assistance and its potential effects on the appeal waiver, the defendant's undertaking not to appeal will be provisionally enforced as to any appellate claim that falls under the appeal waiver, unless and until he prevails (by a habeas petition) in proving that his appeal waiver should be voided because he received ineffective assistance of counsel." *Id.* at 155.

Here, the record before us does not contain the information necessary to resolve Cleveland's claim that his counsel was ineffective in failing to seek to reserve his right to appeal the district court's imposition of the obstruction-of-justice enhancement. Accordingly, we dismiss this appeal. The dismissal is without prejudice to Cleveland reasserting his claims in a petition for habeas corpus if he demonstrates that his appeal waiver should be nullified because he received ineffective assistance.

We have considered the remainder of Cleveland's arguments and find them to be without merit. Accordingly, this appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk