United States v. Keith

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE,
　　　　　JOHN M. WALKER, JR.,
　　　　　DENNIS JACOBS,
　　　　　　　<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -Χ

UNITED STATES OF AMERICA,
　　　　　　<u>Appellee</u>,


　　　v.　　　　　　　　　　　　　　　　　　　　　17-3837


DAVID KEITH,
　　　　　　<u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -Χ

1

FOR APPELLEE:                          Matthew Podolsky, Assistant United
                                       States Attorney (Sarah K. Eddy,
                                       Assistant United States Attorney, <u>of
                                       counsel</u>), <u>for</u> Geoffrey S. Berman,
                                       United States Attorney for the
                                       Southern District of New York, New
                                       York, NY.


FOR APPELLANT:                         Bruce R. Bryan, Syracuse, NY; David
                                       Keith, <u>pro se</u>, Tuscon, AZ (on
                                       submission).

Appeal from an order of the United States District Court for the Southern District of New York (Nathan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part and the judgment of the district court is **AFFIRMED**.

Defendant-Appellant David Keith pleaded guilty in the United States District Court for the Southern District of New York (Nathan, <u>J.</u>) to sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and (e); receipt and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(1), (a)(2)(B), and (b)(1); possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2); and false statements in violation of 18 U.S.C. § 1001(a)(2).   On appeal, Keith argues that his conviction must be vacated because his guilty plea was involuntary, and in the alternative that his 168-year sentence must be vacated because it is substantively unreasonable.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In November 2015, the Federal Bureau of Investigation was in the midst of an investigation seeking to identify individuals using Tor, software that helps

2

users communicate anonymously on the internet, to access child pornography. During the investigation, the FBI detected child pornography being downloaded to a computer with an IP address corresponding to the physical address at which Keith resided.   The FBI executed a search warrant at the residence on November 17, 2015, and seized items including computers.   During the search, Keith voluntarily spoke with law enforcement agents and admitted that he had downloaded and viewed child pornography.   Upon searching Keith's computers, law enforcement agents found extensive amounts of child pornography, as well as images and videos of Keith sexually assaulting young girls.

At a hearing on November 29, 2016, the district court accepted Keith's guilty plea pursuant to a written plea agreement.   In the plea agreement, the government and Keith disagreed as to the applicability of certain statutory sentencing enhancements affecting the mandatory minimum and maximum sentences for three of the charges.   The plea agreement stipulated that the applicable United States Sentencing Guidelines (the "Guidelines") recommended a sentence of 168 years' imprisonment if the district court ruled that the sentencing enhancements applied (as the government argued), or 108 years' imprisonment if the court ruled that the enhancements did not apply (as Keith argued).   In a May 16, 2017 order, the district court adopted the government's view and denied Keith's motion to preclude application of the sentencing enhancements.   Keith was sentenced principally to 168 years' imprisonment.

1.     Keith moved to withdraw his guilty plea on the ground that his counsel failed to investigate or advise him regarding a potential motion to suppress evidence stemming from law enforcement's use of a network investigative technique ("NIT") to locate individuals accessing child pornography--a search that yielded probable cause for the subsequent search of Keith's home.   The district court denied Keith's motion to withdraw his plea on August 13, 2017.

Keith argues that the warrant that authorized the NIT search (the "NIT warrant") was invalid because the magistrate judge lacked authority to issue a warrant permitting the seizure of property outside of her district.   He further

3

argues that the NIT warrant violated the Fourth Amendment's requirement that a warrant particularly describe the place to be searched and lacked probable cause.

"Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea and make granting withdrawal appropriate, to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). To successfully demonstrate ineffective assistance, Keith must make "an affirmative showing that 1) counsel's performance fell below an objective standard of reasonableness according to prevailing professional norms, and 2) it is reasonably likely that prejudice occurred--i.e., that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (citing Strickland v. Washington, 466 U.S. 668, 687-96 (1984)). "To satisfy the second prong of Strickland in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." Id.

"We review a district court's decision to deny a motion to withdraw a plea for abuse of discretion," a "stringent" standard reflecting society's "strong interest in the finality of guilty pleas." United States v. Doe, 537 F.3d 204, 211 (2d Cir. 2008) (internal quotation marks omitted). However, "[a] district court's determination of a claim of ineffective assistance is a mixed question of law and fact and is reviewed de novo." Arteca, 411 F.3d at 320.

To support the argument that his counsel acted unreasonably by failing to investigate or advise him regarding a possible motion to suppress evidence stemming from the NIT warrant, Keith points to decisions by two circuits that the NIT warrant violated the Federal Rules of Criminal Procedure. See United States v. Werdene, 883 F.3d 204 (3d Cir. 2018); United States v. Horton, 863 F.3d 1041 (8th Cir. 2017). However, he concedes that both courts, as well as every other circuit to have addressed the issue, ruled that suppression is inappropriate because officers acted in good-faith reliance on the NIT warrant. He likewise concedes that numerous district courts have concluded that the NIT warrant did not violate the Fourth Amendment. While many of those cases were decided after the deadline for defense motions in this case, the overwhelming authority

4

rejecting such motions to suppress demonstrates that it was not objectively unreasonable for Keith's counsel to forgo investigating and advising Keith regarding such a motion.   Moreover, there is no basis for a claim that Keith would have decided to proceed to trial rather than plead guilty if the motion had been made, because the district court stated that if Keith had filed such a motion, "the Court would [have] reject[ed] it as without merit."   App. 189.

Accordingly, because Keith has failed to show that his counsel's "deficient performance undermine[d] the voluntary and intelligent nature of [his] decision to plead guilty," Arteca, 411 F.3d at 320, the district court did not abuse its discretion in denying his motion to withdraw his guilty plea.

**2.**   With one inapplicable exception, Keith agreed in the plea agreement to waive a direct appeal of any aspect of his conviction or of any sentence equal to or below the stipulated Guidelines recommendation.   Keith argues that the waiver is unenforceable to bar an appeal of his sentence because: a 168-year sentence is "extreme" and lacks a reasonable relationship to the sentence Keith expected; his claim that his counsel was ineffective at sentencing cannot be waived; and the waiver was not knowing and voluntary because he did not understand that his sentence could be influenced by "suspect" Guidelines.

"Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010).   "Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants."   Id.   (internal quotation marks omitted).   Accordingly, "[w]e have regularly enforced knowing and voluntary waivers . . . that waive the right to appeal a sentence within (or below) an agreed guideline range," although we have acknowledged that such waivers do not "relinquish appellate rights in every circumstance."   United States v. Goodman, 165 F.3d 169, 174 (2d Cir. 1999) (internal quotation marks and emphasis omitted).

The record demonstrates that Keith knowingly and voluntarily waived the right to appeal the sentence he received. During Keith's plea colloquy with the district court, the court asked Keith whether he fully understood that "[o]ne of the features of [his] agreement with the government" was that "under the defense's view the guideline sentence is 108 years, and under the government's view, the guideline sentence is 168 years," App. 93, and understood that, depending on how the disputed sentencing enhancements were resolved, his "stipulated guideline sentence will either be 108 years or 168 years," App. 95, and that he was waiving his "right to appeal or otherwise try to challenge any sentence that is 168 years or less," App. 96. Keith verbally confirmed his understanding of the court's statements.

In United States v. Hernandez, 242 F.3d 110 (2d Cir. 2001), we "suggested that a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel." Id. at 113-14. But Keith's challenges to his sentence do not allege ineffectiveness at the time he entered into the plea agreement; instead, they allege that his counsel was ineffective at sentencing. We have "emphatically reject[ed] [the] contention" that an appeal waiver "should not bar consideration of [an] appeal because counsel was ineffective not at the time of the plea, but at sentencing." United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998).

Finally, Keith claims that his appeal waiver was not knowing and voluntary because the district court did not inform him that courts have raised concerns with the Guidelines applicable to child pornography crimes. But he offers no support for the contention that courts have an obligation to inform defendants of criticisms of the Guidelines. Federal Rule of Criminal Procedure 11, which governs the acceptance of pleas, requires no such thing.

Accordingly, Keith's challenge to the substantive reasonableness of his sentence, and his pro se arguments that the warrant that authorized the search of his home was invalid, are barred by the appeal waiver and must be dismissed.

6

We have considered Keith's remaining arguments and conclude they are without merit.   The appeal is therefore **DISMISSED** in part and the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK